# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., *successor by merger to* WELLS FARGO BANK MINNESOTA, N.A., *as Trustee f/k/a* NORWEST BANK MINNESOTA, N.A., *as Trustee for the registered holders of Home Equity Loan Asset-Backed Certificates, Series 2002-3*,<br><br>    Plaintiff,<br><br>    v.<br><br>LINDA CARR, UNITED STATES OF AMERICA, and TENANT/OCCUPANT,<br><br>    Defendants. | NO. 3:04-CV-2792<br><br>(JUDGE CAPUTO) |

## MEMORANDUM

Presently before me is Plaintiff's motion for judgment on the pleadings (Doc. 25-1) in a mortgage foreclosure action against Defendants, pursuant to Federal Rule of Civil Procedure 12(c). For the reasons set forth below, Plaintiff's motion will be granted. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) ("diversity of citizenship").

## BACKGROUND

Defendant Linda Carr is the mortgagor and real owner of the real property located at 16 Polk Township Road in Brodheadsville, Pennsylvania, 18322 ("the Property"). (Compl. ¶ 2, Answer ¶ 2.) On or about August 28, 2002, at the instance and request of

Defendant Carr and former defendant Richard Boyer, Plaintiff[1] loaned to Defendant Carr and Mr. Boyer the sum of $90,000.00 (Compl. Ex. A p. 1), and as security for this loan, Carr and Boyer executed and delivered to Plaintiff a mortgage encumbering their interest in the Property.  (Compl. ¶ 6, Answer ¶ 6.)  Ms. Carr has failed to make her mortgage payments since June 1, 2004, and the mortgage is therefore in default.  (Compl. ¶ 10, Answer ¶ 10.)  Notice of foreclosure proceedings was sent to the individual mortgagors pursuant to the Homeowners' Emergency Mortgage Assistance Act of 1983, 35 P.S. § 1680.402c, *et seq.* via first-class mail and certified mail.  (Compl. ¶ 15; Compl. Ex. C p. 29.)  Plaintiff claims that the following itemized amounts are due from Defendant *as of December 16, 2004*:

| | |
|---|---|
| Principal of Mortgage debt due and unpaid | $88,782.03 |
| Interest currently due and owing at 8.04% per annum calculated from May 1, 2004 at $19.56 per diem | $4,498.80 |
| Late Charge of $33.15 per month assessed on the 16th of each month | $232.05 |
| Accrued Late Charges | $198.90 |
| Property Inspection | $10.50 |
| Suspense/Unapplied Balance | ($443.35) |
| Title Search/Report Fees | $250.00 |
| Attorneys' Fees and Costs | $1,500.00 |
| **TOTAL** | **$95,028.93** |

(Compl. ¶ 11.)

On December 23, 2004, Plaintiff filed a Complaint against Linda Carr, Richard

---

[1] Plaintiff is the successor by merger to Wells Fargo Bank, Minnesota, who is the assignee of the mortgage.

2

Boyer, and the United States of America.² (Doc. 1.) Defendant Linda Carr filed an Answer on March 23, 2005. (Doc. 7.) On July 29, 2005, in response to Plaintiff's motion for default judgment, the Court entered default judgment only as to Defendant Richard Boyer in the amount of $99,061.59 through the date of June 30, 2005, plus costs and per diem interest until said judgment date. (Doc. 21.) On March 17, 2006, Plaintiff filed the present motion for judgment on the pleadings as to Defendant Linda Carr. (Doc. 25.) On July 25, 2006, Plaintiff filed a motion to stay the proceedings for an administrative purpose. (Doc. 32.) On August 4, 2006, the Court granted Plaintiff's motion to stay the proceedings for an administrative purpose, and the case was terminated. (Doc. 33.) On November 14, 2006, Plaintiff moved to reactive the civil action (Doc. 34), and the Court issued an Order on November 20, 2006 reopening the case (Doc. 35). Defendant has not filed a brief in opposition to Plaintiff's present motion for judgment on the pleadings.

This motion is fully briefed and ripe for disposition.

**LEGAL STANDARD**

The standards for deciding a motion for judgment on the pleadings pursuant to Rule 12(c) and a motion to dismiss pursuant to Rule 12(b)(6) are identical. *Turbe v. Gov't of V.I.*, 938 F.2d 427, 428 (3d Cir. 1991). Thus, the district court must view the facts and inferences to be drawn from the pleadings in the light most favorable to the non-moving party. *Green v. Fund Asset Mgmt., L.P.*, 245 F.3d 214, 220 (3d Cir. 2001). "[J]udgment will not be granted 'unless the movant clearly establishes that no material issue of fact

---

[2] The United States of America is a Defendant in this action by virtue of a judgment, lien, or other interest in the mortgage property. (Compl. ¶ 3.)

3

remains to be resolved and that he is entitled to judgment as a matter of law.' " *Jablonski v. Pan Am. World Airways, Inc.*, 863 F.2d 289, 290 (3d Cir. 1988) (quoting *Soc'y Hill Civic Ass'n v. Harris*, 632 F.2d 1045, 1054 (3d Cir. 1980)).

## DISCUSSION

Presently before the Court is Plaintiff's motion for judgment on the pleadings (Doc. 25-1) in a mortgage foreclosure action against Defendant Linda Carr.

Count I of Plaintiff's Complaint seeks an *in rem* judgment against Defendant in foreclosure of the mortgage for the total amount listed above, together with interest from December 16, 2004 until the date of judgment in the amount of $19.56 per diem, plus other costs and charges collectible under the mortgage and for the foreclosure and sale of the mortgaged property.  Count Two is an action in assumpsit seeking an *in personam* money judgment against Defendant for the total amounts due and owing as set forth in Count One.

Because Defendant has not filed a brief in opposition to Plaintiff's motion for judgment on the pleadings, pursuant to Local Rule 7.6 Defendant shall be deemed not to oppose this motion.  Although Plaintiff's motion will be deemed unopposed, the Court will nonetheless consider the motion on the merits.

### A. The Government's Tax Lien Against the Property

Plaintiff has also named the United States as a party to this proceeding, pursuant to 28 U.S.C. § 2410(a), because the Property is encumbered by a federal tax lien in the

amount of $37,296.93 against Richard Boyer.[3]  The complaint sets forth with sufficient particularity the nature and interest of the lien in concordance with § 2410(b) by its inclusion of the 'Notice of Federal Tax Lien' against Mr. Boyer, as Exhibit B thereto. Further, subsection (b) states that "in such actions, the United States may appear and answer, plead or demur within sixty days after such service or such further time as the court may allow."  The United States has filed no answer or pleading in this action.

28 U.S.C. § 2410(c) provides that:

[A] judgment or decree in such action or suit shall have the same effect respecting the discharge of the property from the mortgage or other lien held by the United States as may be provided with respect to such matters by the local law of the place where the court is situated.

The United States Supreme Court in *United States v. Brosnan*, recognizing that the use of liens enmeshed federal law "into an area of complex property relationships long since settled and regulated by state law," adopted state law as the rule of decision for the divestment of tax liens.  363 U.S. 237, 241-42 (1960).  Therefore, Pennsylvania law with respect to the divestment of tax liens will be followed in this case.

The *Brosnan* Court wrote that, according to Pennsylvania law, a Sheriff's sale of mortgaged land under a writ of *fieri facias* was a judicial sale, having the effect of extinguishing junior liens even though their holders were not, nor required to be made, parties to the proceeding.  *Id.* at 250.  The *Brosnan* holding did not rest on any aspect of section 2410.  Yet, in response to the concerns voiced by the dissent in *Brosnan*,

---

[3] A tax lien of the United States may be divested under local law only in the manner prescribed by 28 U.S.C. § 2410 or 26 U.S.C. § 7425.  Section 2410 applies when the United States is named as a party in a civil action to quiet title or to foreclose a mortgage or other lien.  When the United States is not joined as a party, § 7425 applies.  *A. H. and R. S. Coal Corp. v. U.S.*, 461 F.Supp. 752, 754 (D.C. Pa. 1978).  Therefore, § 2410 applies in the instant action since the United States is a named defendant.

Congress amended section 2410, providing for proper notice to the government, and a right of redemption. *United States v. Capobianco*, 836 F.2d 808, 815 (3d Cir. 1988). The main concern expressed by the dissent in *Brosnan* was the majority's allowance of tax lien divestiture without notice to the government. *Id.* It was this concern that was particularly addressed by Congress in the amendment of § 2410.

As was the case in *Capobianco*, there is no lack of notice to the government in the case *sub judice*. As a named party, the United States has received copies of all of the pleadings filed in this action, and has therefore been adequately noticed of Plaintiff's desire to foreclose the mortgage on the Property, and to seek sale thereof. As in *Capobianco*, the United States here has interposed no objection to the foreclosure proceedings. However, in *Capobianco*, unlike here, the government filed an answer in which their decision not to object to the foreclosure proceedings was qualified on the outcome that the foreclosure proceedings resulted in a "judicial sale" within the meaning of section 2410.[4] Nonetheless, since the result of foreclosure proceedings in the instant action would be a judicial sale within the meaning of section 2410, the Court finds no reason to believe that the government's rights would not be adequately protected by allowing both the judicial sale of the Property, and the concomitant divestiture of the federal tax lien against the Property.

Courts in Pennsylvania have quite authoritatively decided that a Pennsylvania

---

[4] Indeed section 2410(c), as amended, states that "an action to foreclose a mortgage or other lien, naming the United States as a party under this section, must seek judicial sale." The complaint does indeed demand sale of the Property, in the prayer for relief on page nine thereof.

judicial sale divests a junior federal tax lien.[5] *United States v. Peterson*, 204 F.Supp. 683, 684 (D.C. Pa. 1962) (citing *Brosnan*, 363 U.S. 237*; United States v. Cless*, 254 F.2d 590 (3d Cir. 1958)). Though being properly noticed by Plaintiff in compliance with section 2410, the United States has voiced no objection to this mortgage foreclosure proceeding. The Court holds, therefore, that the divestiture of the federal tax lien as a result of the judicial sale of the Property would not impair the government's rights. *See Capobianco*, 836 F.2d at 814.

### B. Mortgage Foreclosure

Upon default, the holder of a mortgage can legally proceed to enforce the terms of the mortgage by instituting a foreclosure proceeding. *Cunningham v. McWilliams*, 714 A.2d 1054 (Pa. Super Ct. 1998) (citing *Elmwood Fed. Sav. Bank v. Parker*, 666 A.2d 721, 724 (Pa. Super. Ct. 1995)). A mortgage foreclosure action is an *in rem* proceeding, and thus the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property. *New York Guardian Mortgage Corp. v. Dietzel*, 524 A.2d 951, 953 (Pa. Super. Ct. 1987) (citing *Meco Realty Co. v. Burns*, 200 A.2d 869 (Pa. 1964)).

Plaintiff in this action has alleged that Defendant is in default on the mortgage for failing to make the required monthly mortgage payments from the time of June 1, 2004 until the present. Defendant, in her answer, has not denied that there is a mortgage against the Property and states that there is "a delinquency but unsure (sic) as to last payment made", and also states that "[t]here is probably an IRS lien against the property". (Answer ¶¶ 6, 10, 3.) Defendant also states in her answer that she does not

---

[5] The mortgage was recorded on September 6, 2002. (Compl. Ex. A p. 2.) The federal tax lien was attached to the property on January 26, 2004. (Compl. Ex. B.) Therefore, the tax lien is junior to the mortgage, and is subject to divestiture upon judicial sale of the Property.

know the amount of the debt owed to Plaintiff, but states that she "disputes [Plaintiff's] calculations as their claim appears to be high."  (*Id.* ¶¶ 12, 11.)

The Court finds that Defendant's general denials cannot withstand Plaintiff's motion for judgment on the pleadings.  The Pennsylvania Superior Court has held that mortgagors' general denials in their answers to a complaint will be considered admissions, and that the only persons with knowledge of the amount due, besides the mortgage company, are the mortgagors.  *First Wis. Trust Co. v. Strausser*, 653 A.2d 688, 692 (1995) (citing *Dietzel*, 524 A.2d at 952).  Therefore, if defendant mortgagors do not plead specific facts in response to the allegations in the complaint regarding the default and the amount due, said defendants are deemed to have admitted the allegations set forth in the complaint.  *Id*.

Plaintiff provided notice to Defendant Carr pursuant to the Homeowners' Emergency Mortgage Assistance Act of 1983 (HEMAA), 35 P.S. § 1680.402c, *et seq*., on November 10, 2004.  (Compl. Ex. C.)  HEMAA, also known as Act 91, provides a temporary stay of mortgage foreclosure proceedings to mortgagors until the applicable time limits have expired or a mortgagor's request for emergency mortgage assistance has been denied by an authorized credit reporting agency.  In her answer, Defendant claims that as of March 23, 2005, she had "applied for help from the state but no decision has been made."  (Answer ¶ 15.)

The applicable subsection of HEMAA reads:

If the mortgagor applies for mortgage assistance payments, the agency shall promptly notify all of the mortgagees secured by the mortgagor's real property. The agency shall make a determination of eligibility within sixty (60) calendar days of receipt of the mortgagor's application.  During the time that the application is pending, no mortgagee may commence legal

action to foreclose upon its mortgage with the mortgagor.

35 P.S. § 1680.403c(b)(6).

Though more than sufficient time has passed, Defendant Carr has not provided any evidence that her application for emergency mortgage assistance payments was approved. Further, the Court finds that Plaintiff has complied with all of the notice requirements and procedures imposed by HEMAA in bringing this action, and has satisfied all of the time limitations contained therein.

Viewing the evidence in the light most favorable to Defendant Carr, the Court finds that there are no genuine issues of material fact regarding Defendant's default on the mortgage and the amount due and owing to Plaintiff on this debt. Accordingly, Plaintiff's motion for a judgment on the pleadings pursuant to FED.R.CIV.P. 12(c) for an *in rem* judgment against Defendant Linda Carr will be granted.

### C. Assumpsit Action

Count II of Plaintiff's complaint has brought an assumpsit action against Ms. Carr, seeking to recover an *in personam* money judgment against her.

A mortgage is simply a security for the payment of the amount due on the bond or note. *Artisti-Kote Co. v. Benefactor Bldg. & Loan Ass'n*, 64 F.2d 407, 408 (3d Cir. 1933). "The bond is the primary obligation and stands for the principal debt; the mortgage is collateral security." *Id*. Once the debtor satisfies the bond or note, the debt is extinguished and the mortgage is discharged. *Id*. In a foreclosure proceeding, the sale of the property discharges the mortgage and the lien upon the land. *Id*. (citation omitted). However, the mortgagor may still be personally liable for any deficiency if the debtor made an independent promise to pay the mortgagee evidenced by the bond or note. In

9

such a case, the mortgagor is personally liable for the balance of the debt. *Id*.; *see also* Thomas J. Reuter, *Mortgage Foreclosure in Pennsylvania*, 85 Dick. L. Rev. 275, 279 (1981). Therefore, Plaintiff may state a claim in assumpsit and the Court will grant Plaintiff's request for an *in personam* judgment against Defendant Carr for any deficiency resulting from the mortgage foreclosure.

### D. Amount Due

In its complaint, Plaintiff demands an *in rem* judgment against Defendant Carr in the amount of $95,028.93 together with interest from December 16, 2004 at the rate of $19.56 per diem to the date of judgment, and other costs and charges collectible under the mortgage and for the foreclosure and sale of the mortgaged property.

Based on the pleadings, and viewing the evidence in the light most favorable to Defendant, the Court finds that: (1) the principal balance due on the mortgage is $88,782.03; (2) the interest due on the mortgage from May 1, 2004 to December 16, 2004 (230 days, inclusive of start/end dates, at $19.56 per diem), is $4,498.80; (3) the interest due on the mortgage from December 17, 2004 to February 12, 2007 (788 days, inclusive of start/end dates, at $19.56 per diem), is $15,413.28; (4) cumulative late charges from June 1, 2004 to February 12, 2007 (32 months, calculated at $33.15 per mensem[6], incurred on the 16th of each month) are $1,060.80; (5) the property inspection fee is $10.50; (6) the title search/report fees are $250.00; (7) attorneys' fees and costs are $1,500.00, and (8) Defendant has an unapplied balance in the amount of $443.35.

---

[6] This penalty represents 5% of borrower's overdue monthly payment of principal and interest (of $662.90 per mensem), pursuant to paragraph 7 of the "Adjustable Rate Note". (Compl. Ex. D.) Pursuant to this paragraph, borrower is entitled to pay the late charge only once on each late payment. This nullifies the amount of $198.90 claimed as 'Accrued Late Charges', which appear to be duplicative.

Based on the foregoing, the total judgment *in rem* against Defendant Linda Carr is $111,072.06.

### E.  Attorneys' Fees

Defendant Carr in her answer states "I do not know why I must pay legal fees." (Answer ¶ 13.)  In Pennsylvania, a mortgagee is entitled on foreclosure to recover reasonable expenses, including attorneys' fees.  *Citicorp Mortgage, Inc. v. Morrisville Hampton Vill. Realty Ltd. P'ship*, 662 A.2d 1120, 1123 (Pa. Super Ct. 1995) (citing *Foulke v. Hatfield Fair Grounds Bazaar, Inc.*, 173 A.2d 703 (Pa. Super Ct. 1961)).  In the present action, the terms of the mortgage provide that "in the event of a foreclosure action, [borrower] agrees to pay reasonable and permissible legal fees [and] costs".  (Compl. Ex. A ¶ 19.)  Therefore, the Court finds that $1,500.00 in attorneys' fees, which, in fact, represents less than 2% of the principal balance, is reasonable under the circumstances of this case.  *See Citicorp Mortage, Inc.*, 662 A.2d at 1123 (finding attorneys' fees of 10% to be reasonable under Pennsylvania law).

## CONCLUSION

For the above stated reasons, the Plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) will be granted.  An appropriate order follows.

Date: February __12__, 2007

 /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WELLS FARGO BANK, N.A., *successor by merger to* WELLS FARGO BANK MINNESOTA, N.A., *as Trustee f/k/a* NORWEST BANK MINNESOTA, N.A., *as Trustee for the registered holders of Home Equity Loan Asset-Backed Certificates, Series 2002-3*,<br><br>    Plaintiff,<br><br>        v.<br><br>LINDA CARR, UNITED STATES OF AMERICA, and TENANT/OCCUPANT,<br><br>    Defendants. | NO. 3:04-CV-2792<br><br>(JUDGE CAPUTO) |

## ORDER

**NOW**, this   12th   day of February, 2007, **IT IS HEREBY ORDERED** that Plaintiff's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) is **GRANTED** against Defendant Linda Carr as follows:

(1)   Judgment is mortgage foreclosure is hereby entered in favor of Plaintiff Wells Fargo Bank, N.A. and against Defendant Linda Carr in the amount of $111,072.06.

(2)   The mortgage on 16 Polk Township Road, Brodheadsville, PA, 18322, is foreclosed.

(3)   The United States Marshal for the Middle District of Pennsylvania is directed to sell the real property specified in the mortgage and identified in the complaint pursuant to 28 U.S.C. § 2001 *et seq.*

(4)   The proceeds from the sale of the mortgaged premises shall be applied first to the costs of the sale and then to the debt of the mortgagee Linda Carr.

(5)   In the event that the Plaintiff receives less than $111,072.06 from the sale of the mortgaged premises, the Clerk of Court is directed to enter a deficiency judgment in the amount of the shortfall against Defendant Linda Carr.

(6) The judicial sale of the mortgaged premises will divest the federal tax lien against the premises pursuant to Pennsylvania law and the operation of 28 U.S.C. § 2410.

(7) This order represents a final, appealable judgment.

    /s/ A. Richard Caputo
A. Richard Caputo
United States District Judge